<u>IN THE UNITIED STATES DISTRICT COURT</u>
<u>FOR THE EASTERN DISTRICT OF PENNSYLVANIA</u>

| | | |
|---|---|---|
| **Joseph Venuto** | : | |
| 1045 W. Niels Ln. | : | |
| West Chester, PA 19832 | : | |
| | : | **CIVIL ACTION** |
| **PLAINTIFF** | : | |
| | : | |
| **Vs.** | : | **NO.** |
| | : | |
| **Penn South Inc.** | : | |
| 1126  Lodge Street | : | |
| Wilmington, Delaware 19802 | : | |
| | : | |
| **DEFENDANT** | : | **JURY TRIAL DEMANDED** |
| | : | |
| | : | |
| | : | |

### <u>CIVIL ACTION COMPLAINT AND JURY DEMAND</u>

**I.      <u>PARTIES</u>**

1.       Plaintiff Joseph Venuto is an adult individual residing at the above-captioned

address.

2.       Defendant, Penn South Inc., is a Delaware Corporation specializing in paving,

snow removal, commercial property maintenance, backflow testing and storm sewer repair with

a corporate office of 1126 Lodge Street, Wilmington, Delaware 19802.

**II.      <u>JURISDICTION AND VENUE</u>**

3.       Jurisdiction is conferred upon this Court by virtue of the parties' diversity

of citizenship pursuant to 28 U.S.C. § 1332.

4.        The amount in controversy in this action is in excess of Seventy-Five

Thousand Dollars ($75,000.00), exclusive of costs and fees.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because

the events or omissions giving rise to Plaintiff's claims occurred within the district.

## III.   STATEMENT OF CLAIMS

6.      At all times material hereto, defendant acted by and through its employees,

agents, servants, and/or workmen, who were, in turn, acting within the course and scope of their

employment, agency, and/or service for same.

7.      On January 3, 2011, defendant, by and through its trustees, agents, servants,

workmen, employees and/or other representatives, acting in the course and scope of their

employment with the said defendant, operated, controlled, leased, inspected, possessed, managed

and maintained the West Goshen Town Centre located at 1115 West Chester Pike, West Chester,

Pennsylvania. (The Premises).

8.      On or about January 3, 2011, and for a long time prior thereto, it was the duty of

the defendant, by and through its respective agents, servants, workmen and/or other employees,

to keep and maintain The Premises in a reasonably safe condition for persons lawfully upon The

Premises, such as the plaintiff, Joseph Venuto.


COUNT ONE - Premises Liability - Negligence

Joseph Venuto  v. Penn South Inc.

9.      Plaintiff hereby incorporates by reference paragraphs one (1) through eight (8) of

this complaint as if the same had been fully set forth at length.

10.     On or about January 3, 2011 plaintiff, Joseph Venuto, was walking on the

parking lot of The Premises, which Penn South Inc., at all relevant times, maintained

and controlled, when suddenly and without warning, and as a direct result of a defective

and/or dangerous condition of the parking lot, he slipped and fell on ice which the

Defendant negligently failed to remove and remediate.

   11.  The incident described in the preceding paragraphs of this Complaint, was caused

by the negligence and  carelessness of defendant, by and though its agents, servants, workmen

employees and/or other representatives acting in the course of employment for same, generally

and in the following particular respects:

   (a)  carelessly and negligently allowing the parking lot to be kept in a dangerous

condition for a prolonged period of time so as to cause injury to the plaintiff, more specifically

failing to timely clear ice and snow, failing to timely pre-treat the area for snow and ice melting,

failing to chemically treat the area to prevent excess accumulations of ice and/or snow and/or re-

icing;

   (b)  carelessly and negligently failing to inspect the facility in such a manner as to

identify defects and prevent potential bodily injury;

   (c )  carelessly and negligently failing to recognize the ice on the parking lot surface

which caused plaintiff's fall;

   (d)  carelessly and negligently creating and allowing a dangerous condition to exist by

failing to provide proper safety and operational instructions to residents and visitors;

   (e)  failing to insure that the parking lot could be walked upon in a manner which

would not cause a danger to potential third parties, such as the plaintiff;

   (f)  failing to adequately and timely repair defects to said premises, more specifically

failing to clear away ice from the parking lot;

   (g)  failing to properly light said premises;

   (h)  failing to correct a dangerous and hazardous condition of which defendant

was aware or should have been aware, more specifically failing to ensure that the parking lot did not pose a hazard to residents and visitors;

(i)     failing to warn residents, visitors, plaintiff or other persons traveling on the grounds of the defendant of the aforesaid dangerous condition or conditions;

(j)     otherwise failing to provide a safe place for residents and visitors, such as the plaintiff, while walking on the defendant's premises;

(k)     negligence by virtue of the doctrine of *respondeat superior*;

(l)     negligence by virtue of the doctrine of *res ipsa loquitur;*

12.     As a result of the aforesaid negligence of defendants, plaintiff, Joseph Venuto, suffered severe injuries, including, but not limited to, a fractured right ankle requiring surgical repair, which caused a severe shock to his entire nervous system.  He has in the past and will in the future undergo severe pain and suffering as a result of which he has been in the past and will in the future be unable to engage in his usual activities, all to his great loss and detriment.

13.     Plaintiff Joseph Venuto in no manner contributed to his injuries which were the direct and proximate result of the defendant's own negligence and/or carelessness.

14.     As a result of the aforesaid negligence of the defendant, plaintiff has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of his injuries and incur such expenditures for an indefinite time in the future.

15.     As a further result of the aforesaid accident, the plaintiff, Joseph Venuto, has in the past and may in the future suffer a loss of his earnings and/or earning power, and he may incur such loss for an indefinite period in the future.

16.     Further, by reason of the aforesaid occurrence, plaintiff has and/or may hereinafter incur other financial expenses all in an effort to treat and cure himself of the injuries sustained in the aforesaid accident.

17.     As a further result of this accident plaintiff has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

18.     As a further result of this accident, plaintiff has suffered a loss of the enjoyment of him usual duties, avocations, life's pleasures and activities, and the shortening of his life expectancy all to his great detriment and loss.

19.     As a further result of the aforesaid accident, plaintiff has suffered great and unremitting physical pain, suffering and mental anguish, embarrassment and humiliation, and scarring, all of which may continue in the future.

WHEREFORE, Plaintiff, Joseph Venuto, demands judgment against Defendant, Penn South Inc. in an amount in excess of One Hundred Fifty-Thousand Dollars.  The sum sued upon is in excess of the amount requiring submission to arbitration.

## JURY DEMAND

Plaintiff(s) demands a jury trial of all claims and issues.


Respectfully Submitted,


**SWARTZ CULLETON PC**


By: _/s/Brandon Swartz_____

Brandon Swartz, Esquire
Attorney ID# 78344
Joseph P. Guzzardo
Attorney ID# 95089
133. N. State Street
Newtown, PA 18940
Tel: 215-550-6553
Fax: 215-550-6557


Dated: 8/21/2012